OPINION
{¶ 1} On July 27, 2004, appellee, the Tuscarawas County Job and Family Services, removed Jazmine Irwin Lloyd, born January 21, 1999, from the custody of her mother, appellant, Rayann Craig, and her husband, Allan Craig. Jazmine's father is Tim Lloyd.
 {¶ 2} On July 28, 2004, appellee filed a complaint for the temporary custody of the child, alleging the child to be dependent, neglected and abused. Adjudicatory hearings were held on August 27, and September 22, 2004. By judgment entry filed October 13, 2004, the trial court found the child to be dependent and neglected, and placed her in the temporary custody of appellee.
 {¶ 3} On December 12, 2005, appellee filed a motion to modify the prior disposition of the child to one of permanent custody. A dispositional hearing was held on February 3, 2006. By judgment entry filed February 21, 2006, the trial court granted permanent custody of the child to appellee.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "A COURT ERRS IN RELIEVING THE DEPARTMENT OF JOB AND FAMILY SERVICES FROM THE NECESSITY OF SHOWING REASONABLE EFFORTS AS ORDINARILY REQUIRED BY STATUTE WHEN PRIOR FINDING UPON WHICH THE DISPENSATION WAS BASED IS UNDER APPEAL, PARTICULARLY WHEN ONE OF THE GROUNDS OF APPEAL IN THE PRIOR CASE CONCERNS BEST EFFORTS."
 II {¶ 6} "IT IS ERROR FOR THE COURT TO FIND THAT IT IS IN THE BEST INTEREST OF CHILDREN TO PLACE THEM IN THE PERMANENT CUSTODY OF THE DEPARTMENT OF JOB AND FAMILY SERVICES WHEN THE EVIDENCE IS INSUFFICIENT, AS HERE, TO SHOW THAT SUCH PLACEMENT IS IN THE CHILD'S BEST INTEREST." I {¶ 7} Appellant claims the trial court erred in failing to find appellee had a responsibility to demonstrate reasonable efforts at reunification. We disagree.
 {¶ 8} The motion to modify the prior disposition to one of permanent custody was based upon the fact that appellant's three other children had been recently placed in appellee's permanent custody, appellant substantially failed to complete the case plan, Mr. Lloyd consented to the permanent custody and the child's foster home indicated a desire to adopt the child.
 {¶ 9} On October 13, 2004, the trial court found the child to be dependent. R.C. 2151.04 governs dependent child. Subsection (D) states the following:
 {¶ 10} "As used in this chapter, `dependent child' means any child:
 {¶ 11} "(D) To whom both of the following apply:
 {¶ 12} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 13} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 14} R.C. 2151.419(A)(2)(e) states the following:
 {¶ 15} "(2) If any of the following apply, the court shall make a determination that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home:
 {¶ 16} "(e) The parent from whom the child was removed has had parental rights involuntarily terminated pursuant to section2151.353, 2151.414, or 2151.415 of the Revised Code with respect to a sibling of the child."
 {¶ 17} We note the burden set forth in R.C. 2151.419(A)(2)(e) has been met with State's Exhibit A, the permanent custody decision involving appellant's three other children, affirmed by this court in In re Craig, Tuscarawas App. Nos. 2005AP110076, 2005AP110079, 2005AP110083, 2006-Ohio-2027. However, appellant characterizes appellee's approach as lackadaisical "best efforts." We disagree. As noted by the caseworker, Elizabeth Wanosik, appellant was given three opportunities to complete parenting classes, but never showed up or canceled them. T. at 36, 73. Appellant did not demonstrate any initiative to complete the case plan. T. at 42. There remains an on-going mental health concern and except for some household improvements, there are continued concerns over appellant's parenting skills. T. at 38-39, 57.
 {¶ 18} Upon review, we find the trial court did not err in following the dictates of R.C. 2151.419(A)(2)(e).
 {¶ 19} Assignment of Error I is denied.
 II {¶ 20} Appellant claims the trial court erred in finding permanent custody to appellee was in the best interest of the child. We disagree.
 {¶ 21} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 22} R.C. 2151.414 governs procedures upon the filing of a motion for permanent custody. Subsection (D) governs best interests and states the following:
 {¶ 23} "(D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 24} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 25} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 26} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 27} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 28} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 29} Subsection (E) lists factors the trial court is to consider in making its decision and states in pertinent part:
 {¶ 30} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 31} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or2151.415 of the Revised Code with respect to a sibling of the child."
 {¶ 32} The adjudication of dependency of appellant's three other children was introduced as State's Exhibit A with no objection. T. at 2. Ms. Wanosik testified appellant failed to cooperate with the prior case plan and placement with relatives was unavailable given the maternal grandparents' refusal to acknowledge the seriousness of the problems in the family. T. at 35-43, 60-61. As for the custodial history of the child, the child has been in appellee's temporary custody since July of 2004, some nineteen months. T. at 34. The child is in a home placement with her siblings and available for adoption. T. at 70. The child's father relinquished custody. T. at 35.
 {¶ 33} We are also convinced of the appropriateness of the trial court's decision based upon the October 13, 2004 findings in the prior case, Case No. 04JN00503:
 {¶ 34} "The Craigs have clearly not benefited from the past services and information provided to them. They continue to display extreme impatience and administer severe and inappropriate discipline toward the children. The testimony of numerous witnesses demonstrates that Rayann and Allan Craig have no empathy for their children.
 {¶ 35} "* * *
 {¶ 36} "This is a family that has come to be known in the community for their rough, neglectful treatment of their children. Numerous employees and patrons at the library and a neighbor described the ongoing verbal turmoil between Rayann and Allan Craig and their inappropriate discipline and expectations for the children."
 {¶ 37} Upon review, we find the trial court did not err in granting permanent custody of the child to appellee.
 {¶ 38} Assignment of Error II is denied.
 {¶ 39} The judgment of the court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is affirmed.